UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22777-BLOOM/Elfenbein

ADAM LEVARI,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a Foreign Profit Corporation d/b/a*
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), ECF No. [29], filed on September 8, 2025. Plaintiff Adam Levari filed a Response in Opposition to Defendant's Motion ("Response"), ECF No. [30], to which Defendant filed a Reply. ECF No. [31]. The Court has reviewed the Motion, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff filed the instant action on June 19, 2025. ECF No. [1]. On August 16, 2025, the Court granted Defendant's first Motion to Dismiss and dismissed the Complaint without prejudice. ECF No. [22]. On August 25, 2025, Plaintiff filed his Second[1] Amended Complaint ("Complaint") against Defendant asserting claims of Negligence (Count I); Negligent Failure to Maintain (Count

---

[1] Plaintiff improperly filed a First Amended Complaint, which the Court noted "fares no better" than the original Complaint. ECF No. [22].

II); and Negligent Failure to Warn (Count III). ECF No. [26]. The following facts are taken from the Complaint.

On August 8, 2024, Plaintiff was a fare-paying passenger aboard the Defendant's vessel, *Mardi Gras* ("Vessel"). *Id.* ¶¶ 8, 11. While walking down the Vessel's indoor glass-like winding staircase in the high traffic area near the restaurants and pizzeria, Plaintiff slipped on a slippery surface, without warning, and fell, fracturing his right ankle, and injuring his back, spine, and wrist. *Id.* ¶ 12. Plaintiff had been holding the handrail as he went down the stairs. *Id.* ¶ 13. He was walking in a public area of the Vessel near restaurants, bars, and the promenade, and where passengers are invited and expected to be during the cruise. *Id.* ¶ 14. Defendant knew or should have known of the unreasonable slipperiness of the steps where the Plaintiff fell because other passengers in the vicinity also remarked that the steps were dangerous, and the dangerous condition existed for over 15 to 20 minutes. *Id.* ¶ 17. Crewmembers in the immediate area of the glass staircase where Plaintiff fell could have observed the hazard and taken proactive steps to eliminate it. *Id.* ¶ 26.

Plaintiff alleges that Defendant has known for many years prior to Plaintiff's cruise that slipping hazards on the staircases aboard its cruise ships are a constant source of injury to its passengers. *Id.* ¶ 18. Defendant is on notice of the hazard of unreasonably slippery surfaces in the high traffic area where Plaintiff fell because its internal training documents state that proactive crewmembers can, and should, reduce the risk and occurrence of these known incidents by responding quickly to clean up spills and clean and cordon off the area as needed. *Id.* ¶ 23. Additionally, Defendant's written materials used to train its crewmembers identify the hazard of spilling fluids and tracking them onto corridors and staircases. *Id.* ¶ 24. The written materials instruct the crewmembers to "own the spill," immediately wipe up spills, and to take responsibility

for their stations in restaurants, lounges, and along the Vessel's promenade. *Id.* ¶ 25. Defendant's Health, Environmental, Safety, and Security ("HESS") procedures recognize and identify the need to keep interior floors dry, especially in areas exposed to heavy traffic and food and drink consumption, such as the area where Plaintiff fell, and require a methodology to ensure floor cleanliness and contamination prevention. *Id.* ¶¶ 29, 30. Plaintiff alleges that Defendant is also on notice of prior substantially similar slip-and-fall incidents and cites to *Holland v. Carnival Corp.*, 50 F. 4th 1088, 1095 (11th Cir. 2022). *Id.* ¶ 33.

In Count I, Plaintiff contends Defendant owed him a duty to provide reasonable care under the circumstances to maintain and operate its Vessel in a reasonably safe condition. *Id.* ¶ 36. Defendant breached its duty in one or more of the following ways:

   a. Failure to utilize a reasonably safe flooring surface in the stairway where Plaintiff fell;
   b. Failure to adequately and regularly inspect the floor and stairway where Plaintiff fell, for wet and slippery conditions;
   c. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface and stairway where Plaintiff fell before opening it up to passengers and the Plaintiff;
   d. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA) to changes in level open to passengers like Plaintiff;
   e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the flooring surface and stairway where Plaintiff fell are adequately and regularly inspected, monitored, cleaned and maintained free of hazardous conditions;
   f. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels, fleet wide, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and
   g. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

*Id.* ¶ 38.

In Count II, Plaintiff alleges Defendant had a duty to maintain the flooring surface and stairway where Plaintiff fell in a reasonably safe condition. *Id.* ¶ 44. Plaintiff alleges Defendant breached this duty in one or more of the following ways:

3

    a. Failing to keep and maintain its floors and stairways free of transitory foreign substances, which would prevent a slipping hazard to its passengers, particularly in the area where Plaintiff fell;
    b. Failure to maintain the flooring surface and stairway where Plaintiff fell, in a clean and reasonably safe condition;
    c. Failure to adequately and regularly inspect and monitor the flooring surface and stairway where Plaintiff fell, to maintain it free of unreasonably hazardous and slippery conditions;
    d. Failure to regularly and adequately clean the flooring surface and stairway where Plaintiff fell;
    e. Failure to prevent transitory foreign substances from entering the stairway in the area where Plaintiff fell;
    f. Failure to analyze prior slip-and-fall accidents and correct hazardous conditions following substantially similar slip-and-fall accidents on any of the Defendant's vessels, fleet-wide; and
    g. Failure to adequately inspect and/or maintain the area where Plaintiff fell in a reasonably safe condition, one that would negate or substantially limit the risks posed to Plaintiff at the time of use.

*Id.* ¶ 45.

Count III alleges Defendant had a duty to warn passengers like Plaintiff of dangers that were known, or reasonably should have been known, to Defendant in places where passengers like Plaintiff are invited to or may reasonably be expected to visit. *Id.* ¶ 51. Defendant breached this duty in one or more of the following ways:

    a. Failure to warn Plaintiff about the slippery wet conditions on the flooring surface and stairway where Plaintiff fell, which was known to and/or created by Defendant;
    b. Failure to warn that the flooring surface and stairway where Plaintiff fell becomes unreasonably hazardous and slippery; and/or
    c. Failure to cordon off and/or place warning signs on or around the unreasonably hazardous and slippery flooring surface and stairway where Plaintiff fell.

*Id.* ¶ 53.

Plaintiff also requests an advisory jury pursuant to Rule 39(c). *Id.* ¶¶ 42, 49, 57.

Defendant argues the Complaint should be dismissed because (1) Plaintiff has commingled multiple causes of action within a single general negligence count; (2) allegations within the Complaint advance a negligent mode of operation claim, which is not a cognizable cause of action

under General Maritime Law; (3) Plaintiff fails to proffer sufficient allegations to establish Defendant's notice of the alleged dangerous condition; and (4) Plaintiff's request for an advisory jury is improper because Plaintiff has proffered no unique or compelling circumstances necessitating the assistance of an advisory jury. ECF No. [29].

Plaintiff responds that the Complaint is not a shotgun pleading, does not contain an impermissible stand-alone claim for negligent mode of operation, and contains sufficient factual allegations to plead Defendant had actual or constructive notice to survive a motion to dismiss. ECF No. [30]. In Reply, Defendant maintains that the Complaint is a shotgun pleading, Plaintiff's allegations clearly advance a negligent mode of operation claim, and that Plaintiff fails to plead sufficient factual allegations to establish Defendant's notice of the alleged dangerous condition. ECF No. [31].

## II.   LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B. General Maritime Law**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### C. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *White v. Carnival Corporation*, No. 25-cv-20925, 2025 WL 1865127, at *2 (S.D. Fla. July 7, 2025) (quoting *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). "Shotgun pleadings . . . exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

The Eleventh Circuit has identified four types of shotgun pleadings, all of which "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. The last type of shotgun pleading commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

7

### III. DISCUSSION

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720.

#### A. Count I - Negligence

Defendant first argues that Count I fails to separate into a different count each cause of action and claim for relief. ECF No. [29] at 3. Defendant contends that, as pled, Count I advances multiple distinct causes of action, including negligent selection and design, negligent failure to inspect, and negligent mode of operation. *Id.* Plaintiff responds that his claims are permissible, and "[a] plaintiff need not separate his claims where they arise out of the same transaction of occurrence and defendants are provided with adequate notice." ECF No. [30] at 4. Specifically, Plaintiff argues that his Complaint "is in accordance with the . . . . Third Restatement of Torts [which] distinguishes between failure to warn claims and negligent maintenance claims, as the [Complaint] does." *Id.* at 5 (citing Restatement (Third) of Torts § 51 cmt. k). Plaintiff urges that the "key inquiry" in determining whether the Complaint is a shotgun pleading "is whether the

'failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Id.* (quoting *Weiland*, 792 F.3d at 1320).

Plaintiff does not dispute that Count I advances a theory of negligence based on negligent selection and design, negligent failure to inspect, and negligent mode of operation, but instead argues that "evidence of Defendant's practices and procedures in taking reasonable precautions is relevant to establishing negligence." ECF No. [30] at 7. Plaintiff cites to *Green v. Carnival Corp.*, in which the court found that a claim for "negligent failure to follow procedures and policies" did not constitute a shotgun pleading because the claim did not need to "be separated into different counts. The factual allegations[2] support[ed] the single count of negligent failure to follow policies and procedures to keep the area in question safe for passengers." 614 F. Supp. 3d 1257, 1268-69 (S.D. Fla. 2022).

A review of the Complaint readily reveals that Count I is a shotgun pleading. The deficiency is not merely that Count I is titled "Negligence" instead of "Negligent Failure to Follow Procedures and Policies," as Plaintiff suggests. ECF No. [30] at 8 n.1. Rather, while Count I includes some of the same allegations as those contained in *Green*, as it also impermissibly advances additional theories of negligence, including negligent design and negligent mode of operation. Each of those distinct causes of action have different elements and therefore must be pled separately. The Complaint alleges Plaintiff was injured because of Defendant's "[f]ailure to utilize a reasonably safe flooring surface in the stairway where Plaintiff fell[.]" ECF No. [26] ¶ 38.

---

[2] As Plaintiff notes, the allegations in the claim for "negligent failure to follow procedures and policies" were that Defendant failed to "close off the dirty and/or slippery areas on the deck[,]" "correct hazardous conditions[,]" "promulgate and/or enforce adequate procedures to keep the subject flooring area free of foreign transitory substances[,]" and "adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers[.]" *Green*, 614 F. Supp. 3d at 1268.

9

"However, to plead negligent design, a plaintiff must allege that '[Defendant] actually created, participated in, or approved the negligent design[,]'" and that [Defendant] "had actual or constructive notice of such hazardous condition." ECF No. [31] at 2 (quoting *Liles v. Carnival Corp. & PLC*, No. 22-cv-22977, 2023 WL 34644, at *2 (S.D. Fla. Jan. 4, 2023)).

Defendant also argues that "each count contains allegations advancing a negligent mode of operation claim which is not recognized under general maritime law[,]" ECF No. [29] at 6. Plaintiff responds that he does not improperly advance a "stand-alone claim for Negligent Mode of Operation[,]" but that "[e]vidence of Defendant's precautions to prevent foreseeable harm is relevant to establish negligence[.]" ECF No. [30] at 6.

"A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business." *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 910 (11th Cir. 2017). Plaintiff's argument that "under a negligence theory, Plaintiff should be allowed to allege that the tortfeasor did not take reasonable precautions to prevent the foreseeable harm" ECF No. [30] at 7, does not address the fact that "[n]o court has ever held that [a negligent mode of operation] claim exists in federal admiralty law." *Malley*, 713 F. App'x at 910. Indeed, "[a] basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition." *Id.* Plaintiff cites *Stewart-Patterson v. Celebrity Cruises, Inc.*, to argue that "evidence of Defendant's practices and procedures in taking reasonable precautions is relevant to establishing negligence." ECF No. [30] at 7 (citing *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-cv-20902, 2012 WL 2979032, at *3 (S.D. Fla. July 20, 2012)). However, *Stewart-Patterson* did not expand upon these hypothetical situations in which evidence of defendant's practices and procedures may be relevant to establishing negligence and the court

10

ultimately concluded that "Plaintiff's claim for negligent mode of operation must be dismissed." *Stewart-Patterson*, 2012 WL 2979032, at *3. Here, Plaintiff alleges, as part of the negligence claim, that Defendant failed to "promulgate and/or enforce adequate policies and procedures to ensure that the flooring surface and stairway where Plaintiff fell are adequately and regularly inspected, monitored, cleaned and maintained free of hazardous conditions." ECF No. [26] ¶ 38. Because Count I comingles multiple theories of liability, one of which is an impermissible negligent mode of operation claim, Count I is dismissed with prejudice.

### B. Counts II and III – Negligent Failure to Maintain and Negligent Failure to Warn

Regarding Counts II and III, Defendant first argues that "each count contains allegations advancing a negligent mode of operation claim which is not recognized under general maritime law." ECF No. [29] at 6. However, Defendant does not clarify which allegations within Plaintiff's Failure to Maintain and Failure to Warn claims "focus[] on the company's general policies and operations, not on the specific incident in which the plaintiff was injured." ECF No. [29] at 7 (quoting *Malley*, 713 F. App'x at 910). Indeed, all the allegations appear to be specific to Plaintiff's incident. Therefore, Plaintiff does not appear to be advancing a negligent mode of operation claim within Counts II or III.

Next, Defendant contends that the remaining Counts should also be dismissed because Plaintiff has failed to allege sufficient facts establishing Defendant's notice of the alleged dangerous condition. ECF No. [29] at 7. Plaintiff responds that he has properly alleged Defendant's actual or constructive notice of the unreasonable slipperiness of the walking surface on the glass staircase. ECF No. [30] at 9, 11. Specifically, Plaintiff asserts that he has pled sufficient facts, accepted as true, to allege notice by alleging that the hazardous condition on the stairs existed for a sufficient length of time and that "substantially similar instances occurred in which 'conditions

11

substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* at 9 (quoting *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022).

As a prerequisite to imposing liability, Defendant must have had actual or constructive notice of a risk-creating condition. *Guevara*, 920 F.3d at 720. Constructive notice can be established "with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures" or "with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988) and *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

Regarding the allegation that Defendant was on notice of prior substantially similar slip-and-fall incidents, Plaintiff cites *Holland v. Carnival Corp.* as a "substantially similar" incident in which "the cruise passenger alleged he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship." ECF No. [26] ¶ 33. Defendant argues that these incidents were not substantially similar because the ship in *Holland* and the Vessel here "are not sister class vessels. As such, the only prior incident cited by Plaintiff occurred on a completely different vessel, a different deck, and a different staircase." ECF No. [29] at 13-14. Plaintiff responds that the existence of a single, substantially similar incident is sufficient at the motion to dismiss stage. ECF No. [30] at 16 (citing *Lopez v. Carnival Corp.*, No. 22-cv-21308, 2022 WL 4598657, at *3 (S.D. Fla. 2022)). Defendant's argument that "Plaintiff proffers no factual allegations beyond superficial resemblances between the subject incident and the alleged prior incident[,]" speaks to the weight of the evidence, not whether Plaintiff has adequately alleged notice. ECF No. [31] at 8. Indeed, as this Court previously held, "whether the alleged incidents are in fact substantially similar as to give notice is an issue of fact, which the Court need not resolve

at the dismissal stage." *Lopez*, 2022 WL 4598657, at *3. Therefore, Plaintiff has sufficiently alleged that Defendant was on notice of the defective condition.[3]

### C. Advisory Jury

In the Complaint, Plaintiff requests an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). ECF No. [26] at 11, 13. Rule 39(c)[4] states that where "an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury[.]" Fed. R. Civ. P. 39(c)(1). As Plaintiff recognizes, "[t]he Court's decision on whether to use an advisory jury is discretionary[.]" ECF No. [30] at 16. Defendant argues that an advisory jury is unnecessary because "Plaintiff's allegations are straightforward. He is claiming that he slipped and fell on an interior staircase" and "has proffered no argument as to why this Honorable Court would require the assistance of an advisory jury." ECF No. [29] at 17. The Court agrees and denies Plaintiff's request for an advisory jury.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [29],** is **GRANTED in part and DENIED in part**.
2. **Count I** of the Complaint is **DISMISSED**.
3. Defendant shall file an Answer to Counts II and III no later than **December 29, 2025**.

---

[3] Because Plaintiff's allegations with regard to the substantially similar incident are sufficient to support an inference that Defendant had constructive notice, the Court need not address whether Plaintiff's other allegations establish the requisite notice. *Lopez*, 2022 WL 4598657, at *3 n.2.

[4] Rule 39(c)(2) permits the Court to "try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right," if the parties consent. Defendant has not consented to an advisory jury. Fed. R. Civ. P. 39(c)(2). Therefore Rule 39(c)(2) is inapplicable.

Case No. 25-cv-22777-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record